## EDGERLY *v.* CONCORD.

A declaration in case against a city, alleging that in a highway the city erected a hydrant, and attached to it a line of hose, and that the mayor, aldermen, and superintendent of streets of the city injured the plaintiff by their careless use of the hose, and that the city suffered and permitted the careless use, is insufficient.

CASE, for injury from an *obstruction* in a highway. It having been decided that the action could not be maintained (59 N. H. 78), the plaintiff moved to amend the declaration by adding the following count:

In a plea of the case, for that at said Concord, on the 10th day of October, 1874, there was, and for a long time before had been, and still is, a common and public highway leading from Main street in said Concord to Hopkinton, so called, known by the name of Warren street, and the plaintiff had, during all of said time, and now has, the legal right to pass and repass safely, without interference or hindrance, over and upon said common and public highway, with horses, carriages, and on foot, as she had occasion.

Yet the said city of Concord, well knowing the premises, and contriving and intending unjustly to disturb the plaintiff, and prevent her from travelling over and upon the said highway as she had occasion, did, to wit, at said Concord, on said 10th day of October, 1874, erect a certain hydrant on the north side of said Warren street, at or near the junction of said street with Tahanto street, so called, in said city, and did then and there attach to said hydrant a line of hose, which said hydrant, by means of said hose, was then and there being used and operated by the mayor and aldermen and superintendent of streets of said city of Concord, in a careless, improper, and unlawful manner, and from said hose the water was then and there, by the careless, improper, and unlawful use, management, and operation of the same as aforesaid, discharged and thrown upon the ground in said highway in a violent, careless, negligent, unlawful, and improper manner, so as to prevent said plaintiff from travelling and passing over and upon said highway, as she had the legal right to do ; and said city, well knowing the premises, on said 10th day of October, 1874, at said Concord, did suffer and permit said hydrant, with said hose attached thereto, there to be and remain, and the same to be operated in the careless, negligent, unlawful, and improper manner aforesaid, and the water to be thrown and discharged from said hose in the violent, negligent, and improper manner aforesaid.

And the plaintiff avers that, on said 10th day of October, 1874, she was riding and being driven in a lawful, careful, and proper manner, over and upon said highway, in said city of Concord, drawn by a proper horse, near the junction of said Warren and Tahanto streets, and, by reason of the said hydrant so erected as aforesaid, and said line of hose so attached to said hydrant as aforesaid, and by reason of the careless, negligent, unlawful, and improper manner in which said hydrant and hose attached thereto was then and there being used, managed, and operated, and the water therefrom discharged and thrown into said highway aforesaid, the said plaintiff was prevented from travelling over and upon said highway, and deprived of a legal and proper use of the same, and her horse became frightened, and she was thrown violently from her wagon

upon the ground, and was then and there and thereby greatly bruised, sprained, and injured, &c.

*Mugridge*, for the plaintiff.

By the amendment, the plaintiff seeks a remedy which she claims is furnished her at common law,—her position being, that upon the facts stated in the former case, under proper instructions from the court, the jury may find the city liable at common law.    *Gilman* v. *Laconia*, 55 N. H. 130, and cases cited; *Wheeler* v. *Troy*, 20 N. H. 77; *Groton* v. *Haines*, 36 N. H. 388; *Thayer* v. *Boston*, 19 Pick. 511; *Stetson* v. *Faxon*, 19 Pick. 147; *Perry* v. *Worcester*, 6 Gray 544; *Haynes* v. *Burlington*, 38 Vt. 359; 2 Hill. Torts (3d ed.) 405, and cases cited; 1 Hill. Torts (3d ed.) 66, and cases cited; 3 Bl. Com. 219.

*Sanborn & Clark*, for the defendant.

DOE, C. J.    The city could lawfully erect a hydrant, and attach a line of hose to it.    The complaint is, that certain officers of the city used the hydrant and hose carelessly, and that the city suffered and permitted the careless use.    We understand the averment of sufferance and permission to mean that the city did not prevent the use complained of.    But there is no allegation of the city's duty of prevention, or of any fault in the city.    The new count is insufficient, because it does not state that the city made the careless use, or that the act of the officers was the act of the city, or an act for which the city was responsible, nor state any facts showing the liability of the city for the act of the officers.

*Case discharged.*

FOSTER and ALLEN, JJ., did not sit: the others concurred.